# Riegel's Appeal.

A testator directed in his will "that if it is necessary my hereinafter named executors shall have five years time to settle up my estate," and he appointed three of his sons executors. Among the assets of the estate were certain obligations due by said three sons. Upon the filing of their first account, thirteen months after the grant of letters testamentary, the accountants claimed that they were unable at present to pay said obligations, and that, under the above provision, they were not bound to pay the same for five years. The auditor of their account found as a fact that the accountants had property out of which they could pay said obligations, and he surcharged them with the amounts thereof.

*Held*, that the court below properly dismissed exceptions filed by the accountants to the auditor's findings, and decreed confirmation of the auditor's report.

April 25, 1884. Before GORDON, PAXSON, TRUNKEY and GREEN, JJ. MERCUR, C. J., STERRETT, and CLARK, JJ. absent.

APPEAL from the Orphans' Court of *Schuylkill county:* Of July Term, 1883, No. 73.

This was an appeal by Joshua, Reuben and Lewis Riegel, executors of Daniel Riegel, deceased, from a decree dismissing their exceptions to the report of an auditor of their account, and confirming said report.

The facts were as follows: Daniel Riegel died January 20, 1881, leaving to survive him a widow and eight children, having by his will appointed his three sons, Joshua, Reuben and Lewis Riegel his executors. By his will he provided, inter alia:

"*Sixth.*—It is my will and I do order, that if it is necessary, my hereinafter named Executors shall have five years time to settle up said estate." . . . . .

The testator bequeathed all his personal estate to his children. The executors took out letters testamentary, and on February 15, 1881, filed an inventory, in which were included, as assets, the following debts due by the accountants, individually, to the estate, viz:

| | |
|---|---:|
| Bond of Joshua Riegel, . . . . | $600 |
| Note of    "      " . . . . . | 80 |
| Note of Reuben Riegel, . . . . | 260 |
| Bond of Lewis Riegel, . . . . . | 1350 |

In their account, filed March 7, 1882, the executors charged themselves with the amount of the inventory and appraisement, and claimed credit, inter alia, for the above bonds and notes, "that at present they are unable to pay," and appended this note: "The above items of credit are to be settled on the distributive shares on the first distribution." The balance for distribution, as shown by the account, was $876.55.

Certain of the distributees filed exceptions to the allowance of the above credits.

Before the auditor (R. H. Koch, Esq.), the accountants gave evidence in support of their allegation that they were at present unable to pay said obligations, and claimed that under the above provisions of the will they were not bound to settle the same until the expiration of five years from the date of testator's death.

The auditor reported, inter alia, as follows: "The only debts due the estate are those owing by the executors themselves, and they would defer payment thereof simply because the will gives them 'five years time if necessary,' to settle up the estate. They insist that longer time is necessary. Let us see whether longer time is necessary. Necessity implies a thing, estate, or condition, of which the contrary is impossible. Now is the payment of these several debts (without financially embarrassing the debtors), impossible? Has it been impossible ever since Mr. Riegel's death? From the testimony

found in the auditor's notes, your auditor does not think it to have been impossible to have paid these debts and properly to have filed the account. . . . . . Your auditor, in view of the law and the facts, charges the executors with all the items set forth in the exceptions, and debits them therewith as assets in their hands, amounting to $2,605.50."

Exceptions filed by the accountants to the findings of the auditor, surcharging them with the above items, were overruled by the court (BECHTEL, J.), and the report was confirmed. The accountants took this appeal, assigning for error said decree.

*W. F. Shepherd,* for the appellants.

*G. H. Gerber,* for the appellees, was not heard.

Mr. Justice GORDON delivered the opinion of the court, May 19, 1884.

The appellants are the sons of Daniel Riegel, deceased, and the executors of his will. Letters executory were issued to them on the 8th of February, 1881, and in their account, which is now before us, filed March 7th, 1882, they claim credit for certain bonds and notes, due and payable by themselves severally to the estate which they represent. This indebtedness had its origin during their father's lifetime, and, as the auditor informs us, the evidences of said indebtedness, as above mentioned, were given long before his death. That these are obligations which they owe and must meet at some time, is not disputed, but they allege that the payment thereof was deferred, by the sixth paragraph of the will, for five years after the testator's death, and that they are not obliged to render a final account, and make distribution until the expiration of that time. But we, with the auditor and learned judge of the court below, are not able to perceive the propriety of this conclusion.

"It is my will and I do order," reads the above mentioned paragraph, "that if it is necessary, my hereinafter named executors shall have five years time to settle up my said estate." How this gives these executors, as debtors of the estate, an extension of five years, we cannot see, nor has our perception been helped by anything which has been brought to our attention by the learned counsel for the appellants, though doubtless he has not failed to present his case in the best possible manner. The estate, with the exception only of this indebtedness on part of the executors, has been fully settled. Moreover, the auditor has found that they are entirely able to pay the balances due from them severally after

their legacies are deducted, and that their convenience, not necessity, is all that stands in the way of a final distribution.

Were they unable to pay without serious detriment to their own estates. the provision of the will, as above cited, might well be invoked for their relief, but as no such necessity has been made to appear, they cannot be permitted, merely for their own convenience or profit, to make use of it to the delay and disappointment of their co-legatees.

The decree of the court below is affirmed, the appeal dismissed, and the appellants are ordered to pay the costs.